UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREG E. LINDBERG,

    Plaintiff,

v.                                                               Case No. 8:24-cv-1965-TPB-CPT

UNIVERSAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte*. After reviewing the complaint, amended complaint, court file, and the record, the Court finds as follows:

## Background

Plaintiff Greg E. Lindberg and Defendant Universal Life Insurance Company have a long and turbulent history of litigation.[1] On June 18, 2020, Defendant brought an action against Plaintiff for breach of a guaranty agreement in the Durham County Superior Court in North Carolina.[2] That case was removed to the Middle District of North Carolina, which ultimately granted summary judgment in favor of Defendant in

---

[1] Plaintiff's litigation history extends beyond his disputes with Defendant. Among other things, in 2020, Plaintiff was convicted of bribery and conspiracy to commit wire fraud, and he was sentenced to seven years and three months incarceration in federal prison. *See United States v. Lindberg*, 5:19-cr-22-MOC-DCK (W.D.N.C.). His conviction was overturned by a federal appeals court in 2022 based on erroneous jury instructions. *See United States v. Lindberg*, 39 F.4th 151 (4th Cir. 2022). A new jury trial was held, and Plaintiff was convicted of bribery and conspiracy to commit wire fraud on May 15, 2024. He has not yet been sentenced.

[2] The guaranty agreement provided that disputes or claims shall be governed by and construed in accordance with the law of North Carolina, and it further provided that the courts of North Carolina would have exclusive jurisdiction to settle any disputes arising from the guaranty agreement.

the amount of $524,009,051.26, plus interest.  *See Universal Life Insurance Co. v. Lindberg*, 1:20CV681, 2022 WL 1316588 (M.D.N.C. May 3, 2022), *aff'd per curiam*, No. 23-1313, 2024 WL 3935040 (4th Cir. Aug. 26, 2024).  After entry of the MDNC judgment, on July 12, 2022, Defendant moved the Durham County Superior Court to enforce the MDNC judgment as a judgment of the State of North Carolina.  On August 19, 2022, the Durham County Superior Court granted the motion.  On July 9, 2024, Defendant filed a complaint in the Wake County Superior Court seeking the appointment of a general receiver over Plaintiff's assets to further enforce the judgment.  The Wake County Superior Court appointed a general receiver on August 23, 2024.

Plaintiff has launched multiple attacks on the appointment of the general receiver in North Carolina.  Unhappy with his outcomes in North Carolina, Plaintiff turned his sights to Florida, bringing suit against Defendant in the Circuit Court of the Thirteenth Judicial Circuit Court in and for Hillsborough County.  According to Plaintiff, "[t]his case is about the sovereignty of Florida courts to adjudicate the affairs of Florida residents free from interference of courts of other states which unlawfully claim jurisdiction over Florida residents and their personal assets in violation of the due process protections of the United States Constitution and Florida law."  In his one-count complaint, he seeks an emergency injunction to prevent actions against his assets from anyone, including actions by a general receiver, until his appeal is perfected in North Carolina.[3]

---

[3] Plaintiff has sought stays related to the general receivership with the North Carolina courts. To date, the North Carolina Court of Appeals has denied his request for a stay of the proceedings at least twice, and the North Carolina Supreme Court has rejected his request at least once.

On August 20, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiff subsequently attempted to amend his complaint to add a non-diverse defendant, and then he filed a motion to remand for lack of complete diversity.[4]

## Analysis

In both the complaint and amended complaint, Plaintiff seeks an injunction to protect his assets from the "unlawful" general receivership by the North Carolina courts. He asks this Court to enjoin the proceedings in the North Carolina state courts and prevent anyone (including any appointed receiver) from taking any action against his assets until his North Carolina appeal is perfected and the North Carolina courts grant him his requested relief.

"By federal statute, established constitutional case law, and longstanding federal policy, federal courts will enjoin state court proceedings only in narrowly defined and strictly limited instances." *Claughton v. Donner*, 771 F. Supp. 1200, 1203 (S.D. Fla. 1991). Indeed, "[u]nder the Anti-Injunction Act, 28 U.S.C. § 2283, '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id.* at 1203 (quoting *Younger v. Harris*, 401 U.S. 37, 40 (1971)).

---

[4] On October 31, 2024, the Court struck Plaintiff's amended complaint as unauthorized due to his failure to seek leave to amend to add a non-diverse defendant. (Doc. 15). The Court notes, however, that the allegations and claims of both the complaint and amended complaint are identical or substantially similar, the only real distinction being that Plaintiff attempts to add a non-diverse defendant to destroy jurisdiction and require remand. Under either complaint, the analysis and outcome are the same.

In *Younger*, the United States Supreme Court explained that this generalized noninterference with ongoing state proceedings was not just imposed by statute, but also rooted in the principles of comity and federalism:

> This underlying reason for restraining courts of equity . . . is the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. . . . The concept does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments . . . .

401 U.S. at 44. The Eleventh Circuit has echoed the same sentiments and reinforced the notion of judicial restraint underlying the "*Younger* abstention doctrine." *See Wexler v. Lepore,* 385 F.3d 1336, 1341 (11th Cir. 2004). Accordingly, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Claughton,* 771 F. Supp. at 1203 (explaining that "when federal courts are asked to enjoin pending proceedings in state courts, the normal course is to deny such injunctive relief").

Upon consideration of these factors, this Court finds that abstention is warranted in the present case. First, there are clearly state judicial proceedings

pending in North Carolina between Plaintiff and Defendant, with an established receivership and with Plaintiff currently seeking appellate review of the receivership in the state system. Federal courts are not a forum for appealing state court decisions, and a plaintiff may not seek reversal of state court actions by simply alleging some violation of rights. *Claughton*, 771 F. Supp. at 1204.

Second, the North Carolina state proceedings involve an important state interest, namely, enforcing a judgment rendered by a North Carolina court. *See Middlesex Cty. Ethics Comm.*, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."); *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 24 F. Supp. 3d 1181, 1196 (M.D. Fla. 2014) ("[T]he Supreme Court's reasoning . . . underscores the importance to the states of enforcing the orders and judgments of their courts.").

Finally, Plaintiff has an adequate opportunity to raise any constitutional claims in the state proceedings. In fact, it appears he has already presented due process arguments concerning the Wake County Superior Court's jurisdiction over him, and the Court is aware of no procedural bar that would otherwise prohibit such claims from consideration in the state court system. "A federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

The present action is effectively a simultaneous and collateral appeal of a North Carolina trial court ruling concerning a receivership. The receivership is

currently being appealed in North Carolina, and Plaintiff requests that this Court step in to enjoin and stay the North Carolina proceedings because Plaintiff is no longer a North Carolina resident and is now a Florida resident. His only claim – for injunctive relief – requests that this federal court, based in Florida, interfere with the North Carolina state courts. Federal legislation, caselaw, and well-established principles of federalism and comity clearly prohibit this court from interfering in the North Carolina dispute. Dismissal is therefore proper on the basis that this Court lacks subject matter jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>31st</u> day of October, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**